IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

<table>
<tr><td>

GLENN GOODWIN,<br>
1510 RUSSELL DRIVE<br>
STREETSBORO, OH 44241<br>
<br>
and<br>
<br>
RONALD KING,<br>
891 YELLOW STONE<br>
CLEVELAND HEIGHTS, OH 44121<br>
<br>
       Plaintiffs,<br>
<br>
   vs.<br>
<br>
AMERICAN MARINE EXPRESS, INC.,<br>
765 E 140th STREET<br>
CLEVELAND, OH 44110<br>
<br>
and<br>
<br>
GURAI LEASING COMPANY, LLC.,<br>
392 BUTTERFIELD CIRCLE<br>
NORTHFIELD, OH 44067<br>
<br>
and<br>
<br>
INTERMODAL FACILITIES GROUP,<br>
LTD,<br>
392 BUTTERFIELD CIRCLE<br>
SAGAMORE HILLS, OHIO 44067<br>
<br>
and<br>
<br>
DANIEL CAIN,<br>
28852 SERENITY LANE<br>
WICKLIFFE, OHIO 44092<br>
<br>
and<br>
<br>
HARJIT S. DHILLON,<br>
7967 ACHILL COURT<br>
NORTHFIELD, OHIO 44067

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**CASE NOS.**   **CV 17 886259**<br>
                 **CV 17 886390**<br>
<br>
<br>
**JUDGE DEENA R. CALABRESE**<br>
<br>
<br>
**AMENDED COMPLAINT**<br>
<br>
<br>
*JURY DEMAND ENDORSED HEREIN*

</td></tr>
</table>



THE OHIO LEGAL BLANK CO., INC.

**EXHIBIT**

CLEVELAND, OHIO 44102-1799

and                                          )
                                             )
KULDIP S. GURAI,                             )
392 BUTTERFIELD CIRCLE                       )
NORTHFIELD, OH 44067                         )
                                             )
and                                          )
                                             )
BILLY LEE KYLE,                              )
28852 SERENITY LANE                          )
WICKLIFFE, OH  44092                         )
                                             )
and                                          )
                                             )
JOHN DOE DEFENDANTS 1- 100                   )
Name and Address Unknown                     )
                                             )

        Defendants.

        Plaintiffs, Glenn Goodwin and Ronald King, by and through counsel, and for Plaintiffs'

Amended Complaint against Defendants, state and aver the following:

## PARTIES AND VENUE

1.      Plaintiff, Glenn Goodwin ("Goodwin"), is a resident of Portage County, Ohio.

2.      Plaintiff, Ronald King ("King"), is a resident of Cuyahoga County, Ohio

3.      Defendant American Marine Express, Inc. ("AMX") is a corporation organized

under the laws of Ohio, having its principal place of business in Cuyahoga County, Ohio, and

whose malicious and/or wrongful conduct in Cuyahoga County gave rise to the instant claim for

relief.

4.      Defendant Gurai Leasing Company, LLC ("Gurai Leasing") is a limited liability

company organized under the laws of Ohio, doing business in Cuyahoga County, Ohio, and whose

malicious and/or wrongful conduct in Cuyahoga County gave rise to the instant claim for relief.

2

5.      Defendant Intermodal Facilities Group, Ltd., ("Intermodal Facilities") is a limited liability company organized under the laws of Ohio, doing business in Cuyahoga County, Ohio, and whose malicious and/or wrongful conduct in Cuyahoga County gave rise to the instant claim for relief.

6.      At all times relevant hereto, Defendant Daniel Cain ("Cain") has been a resident of the County of Lake and State of Ohio and doing business as and/or is the alter ego of Defendants American Marine, Gurai Leasing and/or Intermodal Facilities, and whose agents' and/or employees' and/or whose own independent acts and/or omissions and/or other misconduct caused and/or contributed to the injury to the Plaintiffs.

7.      At all times relevant hereto, Defendant Harjit S. Dhillon ("Dhillon") has been a resident of the County of Cuyahoga and State of Ohio and doing business as and/or is the alter ego of Defendants American Marine, Gurai Leasing and/or Intermodal Facilities, and whose agents' and/or employees' and/or whose own independent acts and/or omissions and/or other misconduct caused or contributed to injury to the Plaintiffs.

8.      At all times relevant hereto, Defendant Kuldip S. Gurai ("Gurai") has been a resident of the County of Cuyahoga and State of Ohio and doing business as and/or is the alter ego of American Marine, Gurai Leasing and/or Intermodal Facilities, and whose agents' and/or employees' and/or whose own independent acts and/or omissions and/or other misconduct caused or contributed to the injury to the Plaintiffs.

9.      At all times relevant hereto, Defendant Billy Lee Kyle ("Kyle") has been a resident of the County of Lake and State of Ohio and doing business as and/or is the alter ego of Defendants American Marine, Gurai Leasing and/or Intermodal Facilities, and whose agents' and/or employees' and/or whose own independent acts and/or omissions and/or other misconduct caused

3

and/or contributed to the injury to the Plaintiffs.

10. John Doe Defendant(s) are unknown persons and/or entities who Plaintiffs are presently unable to identify whose acts and omissions caused or contributed to the harm caused by the other Defendants.

11. Upon information and belief, at all times relevant hereto, Defendants Cain, Dhillon, Gurai, and Kyle were the legal and/or beneficial owners of Defendants AMX, Gurai Leasing and/or Intermodal Facilities, and aided, abetted or procured the wrongful conduct of the Defendants.

12. Upon information and belief, at all times material, Defendants Cain, Dhillon, Gurai, and Kyle directly participated in and controlled the operations of Defendants AMX, Gurai Leasing and/or Intermodal Facilities, and/or their agents, such that neither of those entities had a separate mind, will, or existence of its own.

13. All actions and failures to act that are complained of herein occurred in and as part of a joint venture and/or enterprise for which defendants are jointly, severally, and vicariously liable. All of the actions of the Defendants were done with egregious fraud or actual or implied malice.

## JURISDICTION AND VENUE

14. This action arises under the laws of the State of Ohio.

15. This Court has subject matter jurisdiction over this action.

16. This Court has personal jurisdiction over Defendants AMX, Gurai Leasing, and Intermodal Facilities as they transact business in the State of Ohio, Cuyahoga County and the facts giving rise to this Complaint occurred in Cuyahoga County.

17. This Court has personal jurisdiction over defendants Cain, Dhillon, Gurai, and Kyle as they reside in the State of Ohio, and the facts giving rise to this Complaint occurred in Cuyahoga

4

County.

18.    For the reasons stated hereinabove, venue is proper in this Court.

**FACTS**

19.    AMX is a common carrier based in Cleveland, Ohio, providing intermodal drayage, local/regional cartage, and over-the-road trucking services.

20.    AMX's customers ship goods via tractor trailers.

21.    AMX transports its customers' goods via company-employed drivers, and/or what it characterizes as owner-operators, with dedicated leased units.

22.    Upon information and belief, a majority of the goods transported by AMX are transported by drivers, like Goodwin and King, who have been maliciously and/or fraudulently induced into entering into a business opportunity plan with defendants involving the lease purchase and servicing of semi-truck cabs.

23.    As part of a fraudulent scheme, Defendants target vulnerable candidates, frequently minorities such as Goodwin and King, who seek employment or better wages by offering them jobs as truck drivers, which is part of a ruse to exploit and otherwise cheat them.

24.    The Defendants induced Goodwin and King to work as a company driver in 2013 and 2012, respectively, as part of their fraudulent scheme.

25.    As part of that scheme Defendants induced Goodwin and King to alter their status from that of a company driver, to that of a lease purchaser of a truck from a company the defendants owned or controlled on the fraudulent representation that Goodwin and King could then earn more money.

26.    Goodwin and King relied on Defendants' representations to their detriment and agreed to what they thought was the lease purchase of a truck.

5

27.     Gurai Leasing is the entity that Defendants created as part of their scheme to cheat drivers such as Goodwin, King and others into subsidizing their business on the false premise that they would receive more lucrative opportunities and more income.

28.     Intermodal Facilities is an entity that Defendants created as part of their scheme to further the illicit operations of AMX and Gurai Leasing and to hide money from the victims and the Government.

29.     Defendants represented to Goodwin and King that they would receive a percentage for each load that they delivered with the leased cab.

30.     As part of the scheme Defendants reduced Goodwin's and King's actual income on the stated basis that the funds were being used to allow them to acquire equity in the semi-truck cab that they were "purchasing" from the Defendants or a company that they owned or controlled, and by rationing routes.

31.     Defendants represented to Goodwin and King that at the end of the lease period, they would own their semi-truck cabs free-and-clear.

32.     The Defendants then structured the assignments and costs so Goodwin and King would pay all Defendants' costs of doing business.

33.     Defendants' false representations and/or material omissions included, but are not limited to:    misrepresenting Goodwin's and King's expected earnings; misrepresenting and inflating expenses in connection with the lease/purchase option; concealing that the agreement was calculated to reduce the income of drivers and not to have drivers actually realize benefits, and that the Defendants, in so doing,  could keep the Plaintiffs in a perpetual state of servitude.

34.     As part of this fraudulent scheme, Defendants required Goodwin and King to pay all the expenses for fuel, maintenance, repairs, insurance, etc. of the semitruck.

6

35.     As part of this fraudulent scheme, Defendants required Goodwin and King to purchase goods, supplies, and services associated with this alleged business opportunity exclusively from Defendants or companies they owned or controlled at unfair inflated prices.

36.     As part of this fraudulent scheme, Defendants required Goodwin and King to purchase goods, supplies, and services that they did not reasonably need, and/or which were not of the nature and/or quality represented.

37.     As part of the scheme and the misrepresentation, the Defendants deducted all of these expenses from Goodwin's and King's pay.

38.     At various times, Defendants arbitrarily, without notice or consent, in bad faith increased the amounts which they deducted from Goodwin's and King's compensation.

39.     At all times relevant hereto, Defendants controlled the routes Goodwin and King drove, the loads they hauled, the equipment they used, and the hours they worked and their income.

40.     Defendants also controlled what maintenance and repairs were performed on the semi-truck cab, and who performed those services and the prices charged.

41.     At all times relevant hereto, Defendants refused, failed, or neglected to give the Plaintiff dominion and control of the trucks. And they required the Plaintiffs to use their semi-truck cabs solely to benefit the Defendants.

42.     After paying all expenses the Defendants charged and/or passed on to Plaintiffs, Goodwin and King received in fact little or no compensation, despite the long hours they worked for Defendants.

43.     In sum, Defendants prevented Goodwin and King from earning a living wage, concealed that the gravamen of the entire lease/purchase option business opportunity which was little more than a scheme designed to cheat Goodwin, King and others out of their labor and money,

7

to wrongfully impose on Goodwin and King the obligation to pay the Defendants' expenses for transporting goods all to the benefit of Defendants; that no matter how many hours they worked or miles they drove, Goodwin and King would never be able to pay the expenses Defendants charged for the semi-truck, and that the agreement constituted little more than scheme to make Goodwin and King indentured servants.

44.     Although Goodwin and King made all the required lease payments, Defendants refused, failed or neglected to transfer title of the semi-truck cab to Goodwin and King.

45.     Goodwin and King objected to Defendants' arbitrary, unfair, and discriminatory treatment.

46.     Defendants terminated Goodwin's and King's employment based on a pretext.

47.     When Goodwin challenged his termination, Defendants reinstated him only to terminate him again at a later date.

48.     The termination of Goodwin and King was retaliatory and part of the fraudulent scheme to prevent drivers from acquiring legal title to the trucks they were buying.

49.     Defendants discriminated against Goodwin and King on the basis of their race as to the terms and conditions of their employment in contravention of R.C. § 4112.

50.     Defendants terminated Goodwin and King in retaliation for activity protected under R.C. § 4112.

51.     Defendants wrongfully failed and/or refused to transfer title to the semi-truck cabs which Goodwin and King had purchased.

52.     Defendants stole and converted Goodwin's and King's property and/or money.

53.     Defendants blackmailed and extorted money, goods, and/or services from Goodwin and King to force them to pay for the privilege of hauling freight.

8

54.     As a direct and proximate result of Defendants' unlawful and malicious conduct, Goodwin and King suffered and will continue to suffer damages and injuries.

## COUNT ONE: BREACH OF QUASI CONTRACT

55.     Plaintiffs hereby incorporate paragraphs One (1) through Fifty-Four (54) as if fully restated herein.

56.     The parties have a quasi contract supported by exchange of consideration.

57.     At all times, Goodwin and King fully satisfied their duties under the contract.

58.     Defendants breached the contract.

59.     As a result of Defendants' breach of contract, Goodwin and King have suffered, and will continue to suffer damages.

## COUNT TWO: FRAUD/MISREPRESENTATION

60.     Plaintiffs hereby incorporate paragraphs One (1) through Fifty-Nine (59) as if fully restated herein.

61.     At all times relevant hereto, Defendants made explicit and implicit representations and did promise that Goodwin and King would earn substantially more money by working as an independent operator who purchased a semi-truck cab from them, and that they would own the cab free and clear.

62.     At all times relevant hereto, Defendants concealed material information from Goodwin and King, including but not limited to the fact they never intended to transfer title, the true costs of the lease/purchase option arrangement, and the fact that they would be working long hours and the only ones who would benefit would be the Defendants.

9

63.     The promises, commitments, and representations made by Defendants were made with knowledge that they were not true and/or with the intent that Defendants would not fulfill the terms of said promises, commitments, and representations.

64.     The aforesaid promises, commitments, and representations were made by Defendants with the intention that Plaintiffs rely thereon, which they did, to their substantial financial harm.

65.     As a direct and proximate result of the fraudulent conduct of Defendants, Plaintiffs have suffered and continue to suffer substantial financial loss.

## COUNT THREE: PROMISSORY ESTOPPEL

66.     Plaintiffs hereby incorporate paragraphs One (1) through Sixty-Five (65) as if fully restated herein.

67.     Defendants made a clear, unambiguous, and unconditional promise that Goodwin and King would receive title and control to Defendants' semi-truck cab and earn substantial money.

68.     Goodwin and King acted in reliance on the Defendants' promises by foregoing their position as a company driver, agreeing to purchase semi-truck cabs from Defendants, making payments toward that purchase, and generating hundreds of thousands of dollars of income for Defendants.

69.     Defendants accepted the benefits conferred by Goodwin and King.

70.     Goodwin's and King's reliance on Defendants' promises were reasonable and foreseeable.

71.     As a result of Goodwin's and King's detrimental reliance, Plaintiffs have suffered damages and injuries.

10

72.     Plaintiffs are entitled to be placed in the position they expected to be in had Defendants honored their promises.

## COUNT FOUR: VIOLATION OF THE BUSINESS PLAN OPPORTUNITY ACT OHIO REV.CODE § 1334

73.     Plaintiffs hereby incorporate paragraphs One (1) through Seventy-Two (72) as if fully restated herein.

74.     Defendants are sellers of a "Business Opportunity Plan" as defined by R.C. § 1334.01.

75.     Defendants violated R.C. § 1334.02 by failing to provide Goodwin and King with the disclosures required by law.

76.     Defendants violated R.C. § 1334.02 by making representations regarding potential income and profits that were not substantiated by required data, and which were false and misleading.

77.     Defendants violated R.C. § 1334.02 by making false and/or misleading statements.

78.     Defendants violated R.C. § 1334.02 by engaging in deceptive and/or unconscionable acts.

79.     Defendants violated R.C. § 1334.02 by failing to maintain the books, records and/or accounts required by law.

80.     Plaintiff's consent to the business opportunity, if any, was obtained through Defendants' failure to comply with the Ohio Business Opportunity Plan Act.

81.     Plaintiffs are entitled to rescission and damages as provided by law.

11

## COUNT FIVE: VIOLATION OF DECEPTIVE TRADE PRACTICES ACT OF OHIO REV.CODE § 4165

82.    Plaintiffs hereby incorporate paragraphs One (1) through Eighty-One (81) as if fully restated herein.

83.    Defendants' conduct constitutes deceptive trade practices as prohibited by R.C. 4165 *et seq.*

84.    As a direct and proximate result of Defendants' deceptive acts and/or practices, Plaintiffs have suffered and continue to suffer damages and injuries.

## COUNT SIX: UNLAWFUL DISCRIMINATION IN VIOLATION OF OHIO R.C. § 4112

85.    Plaintiffs hereby incorporate paragraphs One (1) through Eighty-Four (84) as if fully restated herein.

86.    Goodwin and King are African Americans.

87.    At all times relevant hereto, Goodwin and King competently performed their duties as drivers.

88.    At all times relevant hereto, Goodwin and King were members of a protected class based on his race.

89.    At all times relevant hereto, Defendants treated Goodwin and King differently than similarly situated employees outside of their protected class.

90.    At all times relevant hereto, Defendants discriminated against Goodwin and King on the basis of race.

91.    Defendants' discrimination against Goodwin and King violated R.C. § 4112.

92.    As a result of Defendants' unlawful and offensive conduct, Goodwin and King have suffered, and will continue to suffer damages and injuries.

12

## COUNT SEVEN: UNLAWFUL TERMINATION IN VIOLATION OF OHIO R.C. § 4112

93.    Plaintiffs hereby incorporate paragraphs One (1) through Ninety-Two (92) as if fully restated herein.

94.    At all times relevant hereto, Goodwin and King competently performed their duties as driver.

95.    At all times relevant hereto, Goodwin and King were a member of a protected class based on their race.

96.    Defendants terminated Goodwin and King on the basis of race.

97.    Defendants' termination of Goodwin and King violated R.C. § 4112.

98.    As a result of Defendants' unlawful and offensive conduct, Goodwin and King have suffered, and will continue to suffer damages and injuries.

## COUNT EIGHT: DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4111

99.    Plaintiffs hereby incorporate paragraphs One (1) through Ninety-Eight (98) as if fully restated herein.

100.    Defendants partially paid Goodwin's and King's wages in goods and/or supplies.

101.    Defendants deducted and/or retained the wages of Goodwin and King for wares, tools, equipment or machinery.

102.    At all times relevant hereto, Defendants paid Goodwin and King wages at a rate less than the rate at which the Defendants paid to other employees outside of their protected class for equal work and performed under similar conditions.

103.    Defendants' discrimination against Goodwin and King violated R.C. § 4111.

104.    As a result of Defendants' unlawful and offensive conduct, Goodwin and King have suffered, and will continue to suffer damages.

13

## COUNT NINE:  NON-PAYMENT OF WAGES

105.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Four (104) as if fully restated herein.

106.    Goodwin and King performed work for the Defendants.

107.    Defendants failed to pay Plaintiffs in full for the work they performed for them.

108.    As a direct and proximate result of Defendants' unlawful conduct, Goodwin and King have suffered, and will continue to suffer damages.

## COUNT TEN: HOSTILE WORK ENVIRONMENT

109.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Eight (108) as if fully restated herein.

110.    Defendants and/or their agents subjected Goodwin, King, and/or other African Americans to degrading harassment, discrimination, and abuse.

111.    The harassment and abuse was based upon Goodwin's and King's race.

112.    The harassment was severe and pervasive so as to affect the terms, conditions, and privileges of Goodwin's and King's employment and/or other matters directly or indirectly related to their employment.

113.    Goodwin's and King's supervisors participated in the harassment and discrimination.

114.    Defendants knew or reasonably should have known that its employees and/or agents engaged in harassment and discrimination.

115.    Defendants failed to stop the harassment and discrimination and/or remedy the hostile environment.

14

116. As a result of Defendants' unlawful and offensive conduct, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT ELEVEN: NEGLIGENT SUPERVISION AND/OR TRAINING

117. Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Sixteen (116) as if fully restated herein.

118. Defendants had a duty to train and/or supervise their employees and/or agents to ensure that they complied with company policies and/or state & federal laws regarding equal and fair treatment.

119. Defendants had a duty to ensure that African Americans like Goodwin and King were not harassed and/or discriminated against by other employees and/or agents.

120. Defendants knew or reasonably should have known that their employees and/or agents harassed and/or discriminated against Goodwin and King based upon his race.

121. Defendants failed to reasonably prevent and/or stop the harassment and/or discrimination.

122. As a direct and proximate result of Defendants' negligent supervision and training, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT TWELVE: CONVERSION

123. Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Twenty-Two (122) as if fully restated herein.

124. Defendants took and/or retained personal property and/or money that was owned by Goodwin and/or King to which they were not entitled.

15

125.     Defendants failed to return the personal property and/or money to Goodwin and/or King.

126.     As a direct and proximate result of Defendants' conversion, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT THIRTEEN: COMPELLING PURCHASES IN VIOLATION OF OHIO REV.CODE § 4113.18 AND § 4113.20

127.     Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Twenty-Six (126) as if fully restated herein.

128.     At all times relevant hereto, Goodwin and King were employees and/or agents of AMX.

129.     Defendants compelled, sought to compel, and/or or attempted to coerce Goodwin and King to purchase goods and/or supplies from AMX and/or Gurai Leasing.

130.     Defendants violated R.C. § 4113.18.

131.     As a direct and proximate result of Defendants' unlawful conduct, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT FOURTEEN: VIOLATION OF OHIO REV.CODE § 4113.19 AND § 4113.20

132.     Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Thirty (131) as if fully restated herein.

133.     Goodwin and King were at all times material herein employees and/or agents of AMX.

134.     Defendants sold goods and/or supplies to Goodwin and King at higher prices than the reasonable or current market value.

16

135.    Defendants partially paid Goodwin's and King's wages in goods and/or supplies at higher prices than the reasonable or current market value.

136.    Defendants deducted and/or retained the wages of Goodwin and King for wares, tools, equipment or machinery.

137.    Defendants violated R.C. § 4113.19.

138.    As a direct and proximate result of Defendants' unlawful conduct, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT FIFTEEN:  UNJUST ENRICHMENT

139.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Thirty-Eight (138) as if fully restated herein.

140.    As a result of defendants' wrongful and fraudulent conduct, Plaintiffs have conferred benefits upon Defendants.

141.    Allowing Defendants to retain these benefits and money would offend all notions of justice and fair play.

142.    Under these circumstances, it would be inequitable for Defendants to retain the benefits.

143.    Defendants are in possession of funds that were wrongfully obtained, and such funds should be disgorged as ill-gotten gains.

### COUNT SIXTEEN:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

144.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Forty-Three (143) as if fully restated herein.

145.    Defendants' conduct was extreme and outrageous.

17

146. Defendants intended to cause Goodwin and King serious emotional distress.

147. Defendants did cause Goodwin and King to suffer serious emotional distress.

148. As a direct and proximate result of Defendants' unlawful and outrageous conduct, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT SEVENTEEN: VIOLATION OF THE TRUTH IN LEASING REGULATIONS, 49 C.F.R. PART 376, AND 49 U.S.C. § 14704

149. Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Forty-Eight (148) as if fully restated herein.

150. At all times material herein, Goodwin and King were operating on the understandings induced by Defendants.

151. At all times material herein, Defendants promised that Goodwin and King would have the exclusive use of their semi-truck cabs to the exclusion of all others by claiming they were lessees.

152. At all times material herein, Defendants were required to comply with The Truth in Leasing Regulations, 49 U.S.C. § 14704, and 49 C.F.R. 376.

153. Defendants violated The Truth in Leasing Regulations, 49 U.S.C. § 14704, and 49 C.F.R. 376.

154. As a direct and proximate result of Defendants' unlawful and outrageous conduct, Goodwin and King have suffered, and will continue to suffer damages.

### COUNT EIGHTEEN: JOINT-ENTERPRISE

155. Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Fifty-Four (154) as if fully restated herein.

18

156.    Each Defendant has engaged in a common goal, purpose, scheme or design to for financial and/or other gains.

157.    The Defendants had a community of interests in the objects and/or purposes of the undertaking.

158.    Each Defendant had the authority to act for all in respect to control of the agencies it employed to execute the common goal, purpose, scheme or design.

159.    Each Defendant had an equal right to direct and govern the movements and conduct of each other with respect thereto.

160.    As a direct and proximate result of the Defendants' Joint Enterprise's unlawful and outrageous conduct, Goodwin and King have suffered, and will continue to suffer damages.

## COUNTY NINETEEN: PIERCE THE CORPORATE VEIL

161.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Sixty (160) as if fully restated herein.

162.    At all times material herein, the individual Defendants, Dhillon, Cain, Gurai, and Kyle exercised complete dominion and control over the Corporate Defendants, American Marine, Gurai Leasing and Intermodal Facilities, that the Corporations had no independent will and were the individual Defendants' alter egos.

163.    As a direct and proximate result of Defendants' unlawful and outrageous conduct, Goodwin and King have suffered, and will continue to suffer damages.

164.    Therefore, Plaintiffs are entitled to pierce the Corporate Veils of American Marine, Gurai Leasing, and Intermodal Facilities.

Electronically Filed 03/30/2018 16:04 / MOTION / CV 17 886259 / Confirmation Nbr. 1342789 / CLDLJ

## COUNT TWENTY: CIVIL R.I.C.O. (OHIO REV.CODE § 2923.32)

165.    Plaintiffs hereby incorporate paragraphs One (1) though One Hundred Sixty-Four (164) as if fully restated herein.

166.    Defendants conspired to injure the Plaintiffs by violating Ohio Rev. Code § 2923.32.

167.    Defendants did, in fact, injure the Plaintiffs by violating Ohio Rev. Code § 2923.32.

168.    As a direct and proximate result of Defendants' unlawful and outrageous conduct in violation of O.R.C. § 2923.32, Goodwin and King have suffered, and will continue to suffer damages.

169.    Pursuant to O.R.C. § 2923.34, Plaintiffs are entitled to compensatory damages, treble damages and the costs of this suit, including reasonable attorneys' fees.

## COUNT TWENTY-ONE: FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS

170.    Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Sixty-Nine (169) as if fully restated herein.

171.    At all times material herein, Defendants had gross revenues in excess of $500,000.

172.    At all times material herein, Defendants have been and continue to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

173.    At all times material herein, Defendants employed Goodwin and King within the meaning of the FLSA.

174.    Pursuant to Defendants' compensation policies, rather than pay Drivers the federally-mandated minimum wage, Defendants improperly classified Plaintiffs and other drivers as independent contractors.

20

175.     Pursuant to Defendants compensation polices, Defendants did not pay Drivers their wages free and clear.

176.     As a result of Defendants' willful practices, Defendants were not entitled to pay Goodwin and King less than the mandated minimum wage for all hours worked.

177.     Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

178.     Defendants violated 29 C.F.R. § 531.35.

179.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

180.     As the direct and proximate result of Defendants' unlawful and outrageous conduct in violation of the FLSA, 29 U.S.C. §§ 201 *et seq* and 29 C.F.R. § 531.35, Goodwin and King have suffered and will continue to suffer damages.

181.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to compensation for unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

## COUNT TWENTY-TWO: OHIO MINIMUM WAGE VIOLATIONS - OHIO REV.CODE § 4111.02

182.     Plaintiffs hereby incorporate paragraphs One (1) through One Hundred Eighty-One (181) as if fully restated herein.

183.     At all times material herein, Defendants employed Goodwin and King within the meaning of the Chapter 4111 – Minimum Fair Wage Standards of the Ohio Revised Code.

184.     Pursuant to Defendants compensation policies, rather than pay Drivers the Ohio-mandated minimum wage, Defendants improperly classified Plaintiffs and other drivers as independent contractors.

185.     As a result of Defendants' willful practices, Defendants were not entitled to pay Goodwin and King less than the Ohio-mandated minimum wage for all hours worked.

21

186.    Defendants' foregoing conduct constitutes a willful violation of Ohio Revised Code §§ 4111.01 *et seq.*

187.    As the direct and proximate result of Defendants' unlawful and outrageous conduct in violation of Ohio Revised Code § 4111.02, Goodwin and King have suffered and will continue to suffer damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally as follows:

As to Counts One through Twenty-Two, Plaintiffs demand compensatory damages against Defendants, jointly and severely in an amount in excess of Twenty-Five Thousand Dollars ($25,000); and punitive damages against the Defendants, jointly and severally in an amount in excess of Twenty-Five Thousand Dollars ($25,000), plus costs, and interest at the maximum statutory rate, and attorney fees.

As to Plaintiffs' Fourth cause of action, Plaintiffs further demand treble damages and attorney fees as provided for by R.C. 1334.09

As to Plaintiffs' Fifth cause of action, Plaintiffs further demand damages and attorney fees as provided for by R.C. 4165.03.

As to Plaintiffs' Sixth cause of action, Plaintiffs further demand damages and attorney fees as provided for by R.C. 4112.051

As to Plaintiffs' Seventh cause of action, Plaintiffs further demand damages and attorney fees as provided for by R.C. 4112.051.

Electronically Filed 03/30/2018 16:04 / MOTION / CV 17 886259 / Confirmation Nbr. 1342789 / CLDLJ

As to Plaintiffs' Eighth cause of action, Plaintiffs further demand special damages and attorney fees as provided by R.C. 4111.17.

As to Plaintiffs' Thirteenth Cause of Action, Plaintiffs further demand special damages as provided by R.C. 4113.18, and attorney fees.

As to Plaintiffs' Fourteenth Cause of Action, Plaintiffs further demand special damages as provided by R.C. 4113.19, and attorney fees.

As to Plaintiffs' Seventeenth Cause of Action, Plaintiffs further demand damages and reasonable attorneys' fees.

As to Plaintiffs' Twentieth Cause of Action, Plaintiffs further demand treble damages and the cost of the suit, including attorneys' fees.

As to Plaintiffs' Twenty-First Cause of Action, Plaintiffs further demand damages for unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

As to Plaintiffs' Twenty-Second Cause of Action, Plaintiffs further demand damages and attorneys' fees and costs.

And any additional relief which the Court deems just and equitable under the circumstances, including the issuance of a permanent injunction preventing the Defendants from engaging in acts which violate state and federal law.

23

Respectfully submitted,

/s/William T. Wuliger
WILLIAM T. WULIGER, ESQ. (0022271)
BRENDEN P. KELLEY, ESQ. (0096068)
WULIGER & WULIGER, LLC
2003 St. Clair Ave.
Cleveland, OH 44114
PH (216) 781-7777
FX (216) 781-0621
Email: wtwuliger@wuligerlaw.com
        bkelley@wuligerlaw.com

*Counsel for Ronald King*

MARK E. KREMSER, ESQ. (0066642)
WULIGER & WULIGER, LLC
2003 St. Clair Ave.
Cleveland, OH 44114
PH (216) 781-7777/FX (216) 781-0621
Email: mkremser@wuligerlaw.com
        bkelley@wuligerlaw.com

*Counsel for Glenn Goodwin*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues triable by a jury.

/s/William T. Wuliger
WILLIAM T. WULIGER, ESQ. (0022271)
MARK E. KREMSER, ESQ. (0066642)
BRENDEN P. KELLEY, ESQ. (0096068)
WULIGER & WULIGER, LLC
2003 St. Clair Ave.
Cleveland, OH 44114
PH (216) 781-7777
FX (216) 781-0621
Email: wtwuliger@wuligerlaw.com
        mkremser@wuligerlaw.com

*Counsel for Plaintiffs*

24

## INSTRUCTIONS FOR SERVICE

TO THE CLERK OF COURTS:  Please serve the Defendants via certified mail, return receipt requested.

AMERICAN MARINE EXPRESS, INC.,
765 E 140th St,
Cleveland, OH 44110

GURAI LEASING COMPANY, LLC.,
392 Butterfield Cir
Northfield, OH 44067

INTERMODAL FACILITIES GROUP, LTD,
392 BUTTERFIELD CIRCLE
SAGAMORE HILLS, OHIO 44067

DANIEL CAIN,
28852 SERENITY LANE
WICKLIFFE, OHIO 44092

HARJIT S. DHILLON,
7967 ACHILL COURT
NORTHFIELD, OHIO 44067

KULDIP S. GURAI,
392 Butterfield Cir
Northfield, OH 44067

BILLY LEE KYLE
28852 SERENITY LANE
WICKLIFFE, OH 44092

/s/William T. Wuliger
WILLIAM T. WULIGER, ESQ. (0022271)

25