**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **GLENN GOODWIN, ET AL.,** | **CASE NO.1:18CV1014** |
| Plaintiffs, | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | |
| **AMERICAN MARINE EXPRESS, INC. ET AL.,** | **OPINION AND ORDER** |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion to Remand All State Claims to State Court. (ECF # 14). For the following reasons, the Court denies Plaintiffs' Motion.

This action arises from two case filed in Cuyahoga County Court of Common Pleas which were subsequently consolidated on that Court's docket. On or about March 30, 2018, Plaintiffs filed their Motion for Leave to File an Amended Complaint in Cuyahoga County Court of Common Pleas which the state court granted on April 26, 2018. The Amended Complaint alleges claims under the Federal Truth in Leasing and Fair Labor Standards Act statutes. Defendants removed the consolidated cases on the basis of federal question jurisdiction over the federal statutory claims and the Court's supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs seek to remand the state law claims back to Cuyahoga

County Court of Common Pleas contending the Court lacks supplemental jurisdiction over the state law claims as they are dependent upon facts separate and distinct from those in support of Plaintiffs' federal claims. Alternatively, Plaintiffs ask the Court to exercise its discretion in declining supplemental jurisdiction over the state law claims.

Defendants oppose Plaintiffs' Motion to Remand contending Plaintiffs have pled their claims as interrelated and interdependent and that all Plaintiffs' claims derive from a common nucleus of facts.

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir.1930).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United

States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Warthman*, 549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). . "Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

"Supplemental jurisdiction over state law claims exists when the state law claims 'are so related to claims in the action within such original jurisdiction that they form part of the

3

same case or controversy.'" *Askew v. Metro. Prop. & Cas. Ins. Co.,* 217 F. Supp. 3d 982, 985 (E.D. Mich. 2016) quoting 28 U.S.C. § 1367(a). "Two claims are part of the same case or controversy if they 'derive from a common nucleus of operative facts.'" *Askew at 985 quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "A loose factual connection between the claims is generally sufficient." Askew at 985 quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995).

  An examination of Plaintiffs' Amended Complaint reveals Plaintiffs have asserted twenty-two claims against all Defendants for each cause of action pled in the Amended Complaint. These claims are as follows: Count I Breach of Quasi-Contract, Count II Fraud/Misrepresentation, Count III Promissory Estoppel, Count IV Violation of Business Plan Opportunity Act O.R.C. 1334, Count V Violation of Ohio Deceptive Trade Practices Act, Count VI Racial Discrimination in violation of O.R.C. 4112, Count VII Unlawful Termination in Violation of O.R.C. 4112, Count VIII Discrimination in Payment of Wages in Violation of O.R.C. 4111, Count IX Non-Payment of Wages, Count X Hostile Work Environment, Count XI Negligent Supervision or Training, Count XII Conversion, Count XIII Compelling Purchases in Violation of O.R.C. 4113.18 and 4113.20, Count XIV Selling Goods at Inflated Prices to Plaintiffs in Violation of O.R.C. 4113.19 and 4113.20, Count XV Unjust Enrichment, Count XVI Intentional Infliction of Emotional Distress, Count XVII Violation of Truth In Leasing Act, Count XVIII Joint Enterprise, Count XIX Piercing the Corporate Veil, Count XX Violation of Ohio's RICO statute, Count XXI Violation of the Fair Labor Standards Act and Count XXII Violation of Ohio's Minimum Wage Act.

  The parties do not dispute that Plaintiffs' Amended Complaint alleges two causes of

4

action under federal statutory law such that the Court has original jurisdiction over these claims.

Plaintiffs' Amended Complaint broadly alleges a scheme by all Defendants to fraudulently and/or maliciously induce Plaintiffs to change their employment status as truck drivers for Defendant American Marine Express, Inc. to that of "Lease Purchasers" in order to withhold Plaintiffs pay under the allegedly false premise that Plaintiffs could lease to buy Defendants' trucks. According to Plaintiffs, this scheme resulted in Defendants deducting from Plaintiffs' pay the costs of the trucks, service on the trucks, fuel costs and insurance costs. Defendants then terminated Plaintiffs when they complained of the reduced paychecks and refused to relinquish title of the trucks to Plaintiffs.

Upon review of the allegations in the Amended Complaint, the Court denies Plaintiffs' Motion to Remand, finding the claims asserted derive from a common nucleus of facts. The Amended Complaint expressly alleges at paragraph 13, "All actions and failures to act that are complained of herein occurred in and as part of a joint venture and/or enterprise for which defendants are jointly, severally and vicariously liable." Plaintiffs further allege that all Defendants are related such that "Defendants Cain, Dhillon, Gurai, and Kyly directly participated in and controlled the operations of Defendants AMX, Gurai Leasing and/or Intermodal Facilities, and/or their agents, such that neither those entities had a separate mind, will or existence." (Amended Complaint para 11).

The Amended Complaint asserts that the facts as alleged apply to all Defendants and arise from an allegedly false leasing scheme resulting in an intentional substantial reduction in pay for Plaintiffs. Thus, the claims asserted derive from a single overarching scheme to

5

defraud Plaintiffs that was collectively driven by all Defendants.  Contrary to Plaintiffs assertion that the federal claims are alleged only against American Marine and Gurai Leasing, the Amended Complaint at Counts XVII and XXI does not limit these claims to the above two Defendants; rather they are pled against "Defendants" without distinction.

Therefore, for the foregoing reasons, the Court denies Plaintiffs' Motion to Remand (ECF # 14).

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  January 18, 2019